IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 06-cv-02303-BNB

MAR 8 - 2007

MR. RALPH MERCADO,

GREGG~~~ C. LANGHAM
CLERK

      Plaintiff,

v.

MR. R. WILEY,
MR. R. WOOD,
MR. M. BARBEE,
MR. R. BAUER,
MR. CHUCK TURNER,
MR. MARK MASER,
MR. JOHN DOE #1,
MR. J. WADAS,
MS. H. TRAPP,
MR. R. CURRIN,
MR. RALPH SMITH,
MR. HARRELL WATTS, and
JOHN OR JANE DOE #2,

      Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER

---

This matter is before the Court on Plaintiff Ralph Mercado's motion titled "Rule 60 Motion" filed with the Court on February 27, 2007. Mr. Mercado is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. He asks the Court to reconsider the order and judgment of dismissal filed on February 16, 2007.

The Court must construe the motion liberally because Mr. Mercado is proceeding **pro se**. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935

F.2d 1106, 1110 (10th Cir. 1991).  For the reasons stated below, the motion will be construed liberally as a motion to reconsider, and the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  Mr. Mercado filed the motion to reconsider within ten days after the order and judgment of dismissal.  Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e).  *See Van Skiver*, 952 F.2d at 1243.

The Court dismissed the complaint and the instant action without prejudice for Mr. Mercado's failure within the time allowed to pay the $80.00 initial partial filing fee or to show cause why he had no assets and no means by which to pay the designated initial partial filing fee.  The reasons for the dismissal are discussed in detail in the order and judgment of dismissal filed on February 16, 2007.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Mercado fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  The three major grounds that justify reconsideration are:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988).

Mr. Mercado does not allege the existence of any new law or evidence, and the Court remains convinced that Mr. Mercado failed within the time allowed to pay the

designated initial partial filing fee or to show cause why he has no assets and no means by which to pay the designated initial partial filing fee. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the motion titled "Rule 60 Motion" that Plaintiff Ralph Mercado filed with the Court on February 16, 2007, and which the Court has treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this _8_ day of _____March_____, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  06-cv-02303-BNB

Ralph Mercado
Reg. No. 08745-021
ADX  - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on_____3-8-07_____

GREGORY C. LANGHAM, CLERK

By:_____
                 Deputy Clerk