UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 06-cv-02303-WYD-MJW

RALPH MERCADO,

     Plaintiff,

v.

M. BARBEE,
MARK MASER,
JOHN DOE # 1,
JO WADAS,
H. TRAPP,
R. CURRIN,
RALPH SMITH,
JOHN OR JANE DOE # 2,
TIFFANY CRAWFORD,
LLOYD HARVEY, and
JOHN DOE #3,

     Defendants.

---

## ORDER ADOPTING AND AFFIRMING
## MAGISTRATE JUDGE'S RECOMMENDATION

---

THIS MATTER is before the Court in connection with Plaintiff's pro se Motion for Summary Judgment filed August 12, 2009, and Defendants' Motion for Summary Judgment filed November 13, 2009. Defendants' motion was filed by Melvin Barbee ("M. Barbee"), Lloyd Harvey (referred to as "unknown Havery" in the Complaint), Mark Masar (incorrectly referred to as "Mark Maser" in the Complaint, Ralph Smith, Hyosim Trapp ("H. Trapp") and Joseph Wadas ("Jo Wadas").[1]

The pending summary judgment motions address the three remaining claims in this case: Claim One relating to exposure to chemical fumes pending against Defendants

---

[1] Defendant Crawford has a pending motion for summary judgment.

Masar, Barbee and John Doe # 1, Claims Two and Five relating to denial of medical care pending against Defendants Wadas, Trapp, Smith, Harvey, Crawford, and John Doe # 3, and Claim Three for conspiracy pending against John or Jane Doe # 2.  All other claims were previously dismissed.

The motions for summary judgment  were  referred to Magistrate Judge Watanabe for a recommendation by Order of Reference dated April 18, 2008, and Memoranda of August 12, 2009 and November 16, 2009.  A Recommendation on the Motions for Summary Judgment was issued on January 4, 2010, and is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Magistrate Judge Watanabe recommends therein that Plaintiff's Motion for Summary Judgment be denied and that Defendants' Motion for Summary Judgment be granted in part and denied in part.  Specifically, he recommends that the motion be granted as to Claim One and Claim Three and denied as to Claims Two and Five.  Defendants filed timely Objections to the Recommendation on January 19, 2010, and Amended Objections on January 20, 2010.

On January 27, 2010, Plaintiff filed a "Motion to Dismiss Defendant's Amended Objection to Recommendation" arguing that the objections were untimely.  I deny this motion.  The objections were initially filed on January 19, 2010, and were timely.  The amended objections filed on January 20, 2010, while one day out of time, are essentially the same as the timely filed objections.  Accordingly, I find that they can properly be considered by the Court.

Turning to the objections, Defendants Wadas, Trapp, Smith and Harvey object to the portion of the Recommendation that found a dispute of fact concerning whether they

were deliberately indifferent to Plaintiff's serious medical needs as alleged in Claims Two and Five. The undisputed facts according to Defendants show that there is insufficient evidence to permit a reasonable finder of fact from concluding that each of the Defendants harbored deliberate indifference to Plaintiff's complaints of respiratory distress on March 16, 2004, and April 17, 2006. Further, it is argued that the Recommendation failed to adequately evaluate the lack of evidence of subjective intent necessary for Plaintiff to create a dispute of fact. Defendants assert that the absence of evidence or a dispute of fact concerning their culpability supports the entry of summary judgment.

Defendant's objections necessitate a de novo determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). I have reviewed the objections and find that Defendants' arguments therein should be rejected. I agree with Magistrate Judge Watanabe that there are genuine issues of material fact on both the objective and subjective elements of deliberate indifference that defeat entry of summary judgment in their favor. While the subjective element may not have been specifically discussed by Magistrate Judge Watanabe as to each Defendant, I find from the facts discussed in the Recommendation that there are genuine issues of material fact both as to whether Defendants ignored or delayed meeting Plaintiff's serious medical need (the objective element) and whether Defendants knew or disregarded a substantial risk of harm to Plaintiff's health or safety (the subjective element). Accordingly, the Recommendation is affirmed and Defendants' Objections are overruled.

Based upon the foregoing, it is

ORDERED that the Recommendation on Plaintiff's Motion for Summary Judgment (Docket No. 161) and Defendants' Motion for Summary Judgment (Docket No. 190) filed January 4, 2010, is **AFFIRMED and ADOPTED**. In accordance therewith, it is

ORDERED that Plaintiff's Motion for Summary Judgment (doc. # 161) is **DENIED**. It is

FURTHER ORDERED that Defendants' Motion for Summary Judgment (doc. # 190) is **GRANTED IN PART AND DENIED IN PART**. Specifically, the motion is **GRANTED** as to Claims One and Three. Defendants Mark Maser and M. Barbee as well as the John and Jane Defendants are **DISMISSED** and shall hereafter be taken off the caption. The motion is **DENIED** as to Claims Two and Five. It is

FURTHER ORDERED that Plaintiff's Motion to Dismiss Defendants' Amended Objection to Recommendation (doc. # 221) is **DENIED**. It is

FURTHER ORDERED that Defendants' Objections and Amended Objections to the Recommendation (doc. ## 216 and 218) are **OVERRULED**. Finally, it is

ORDERED that Defendant R. Currin should be taken off the caption as a Defendant since a Suggestion of Death was filed on November 2, 2009, by his counsel which has not been responded to or contested.

Dated: March 10, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge