UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 06-cv-02303-WYD-MJW

RALPH MERCADO,

    Plaintiff,
v.
JO WADAS,
H. TRAPP,
RALPH SMITH,
TIFFANY CRAWFORD,
LLOYD HARVEY,

    Defendants.

---

**ORDER ADOPTING AND AFFIRMING
MAGISTRATE JUDGE'S RECOMMENDATION**

---

THIS MATTER is before the Court in connection with several motions: (1) Defendant Crawford's Motion for Summary Judgment filed December 14, 2009 (doc. # 205), (2) Plaintiff's Declaration for Entry of Default filed January 7, 2010 (doc. # 210), and (3) Plaintiff's Motion for Default Judgment against Defendant Crawford. These motions were referred to Magistrate Judge Watanabe, who issued a Recommendation on the motions on March 12, 2010. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Also, on March 19, 2010, Plaintiff filed a "Motion for Reconsideration as to the Removal of Defendant Currin."

I first address the Recommendation. Magistrate Judge Watanabe recommended that Plaintiff's motions seeking entry of default and default judgment be denied. Those motion were based on Crawford's alleged failure to respond to Plaintiff's motion for summary judgment. (Recommendation at 4-5). Magistrate Judge Watanabe stated that

he " does not recommend entry of judgment against Crawford based upon that failure because she has not failed to plead or otherwise defend, and she has not confessed plaintiff's motion as evidenced by her own motion for summary judgment." (*Id.* at 6.) No objections were filed to this portion of the Recommendation. I agree with Magistrate Judge Watanabe's recommendation on this issue, finding it well reasoned and consistent with law. Accordingly, this portion of the Recommendation is affirmed and adopted.

As to Defendant Crawford's Motion for Summary Judgment, the Recommendation notes that the only claim against Crawford is contained in Claim Five under the Eighth Amendment based on deliberate indifference to Plaintiff's medical needs. Defendant Crawford moves for summary judgment on the ground that she is entitled to qualified immunity because the undisputed evidence shows that she was not deliberately indifferent to Plaintiff's medical needs. Magistrate Judge Watanabe recommended that Crawford's Motion for Summary Judgment be denied as he found in examining the evidence and "conflicting statements" therein that there is a genuine issue of material fact with respect to whether Crawford was deliberately indifferent to Plaintiff's alleged need for immediate medical care. (Recommendation at 10-12).

On March 29, 2010, Crawford filed her "Objections to March 12, 2010 Recommendation on Motion for Summary Judgment." Plaintiff argues in response to the objections that they are untimely, and I agree. The Recommendation provides that objections must be filed within fourteen days of service of the Recommendation. Since it was served on Crawford electronically, the time to respond was calculated from the date of service on March 12, 2010. Fed. R. Civ. P. 6(a)(1) provides that when the period is stated in days, the day of the event triggering the period (the filing of the Recommendation

on March 12, 2010) is excluded but that intermediate Saturdays, Sundays and legal holidays must not be excluded. Under that rule, the objections were due on March 26, 2010. Since the objections were not filed until March 29, 2010, they were not timely.

Nonetheless, even if I were to consider the merits of the Objections, I find that Defendant Crawford's arguments therein should be rejected. I agree with Magistrate Judge Watanabe's recommendation that Defendant Crawford's Motion for Summary Judgment be denied. While Crawford argues that Plaintiff's response cites to exhibits that are not attached and which may not be admissible, those exhibits are not relied on by Magistrate Judge Watanabe as a basis to recommend the denial of Crawford's motion. Instead, the Recommendation cites to Plaintiff's Declaration attached to his Motion for Summary Judgment (doc. # 161) and the Affidavit of Scott Cody Hudson attached to Plaintiff's "Statement of Undisputed Facts" (doc. # 162). I find that these documents are sufficient to create genuine issues of material fact as to Plaintiff's claim of deliberate indifference, and that Crawford's Motion for Summary Judgment should thus be denied. Accordingly, the Recommendation is affirmed in its entirety and Defendant Crawford's Objections are overruled.

I now turn to Plaintiff's Motion for Reconsideration as to the Removal of Defendant Currin. By way of background, in my Order of March 10, 2010, addressing Magistrate Judge Watanabe's Recommendation as to a Motion for Summary Judgment filed by other Defendants, I ordered that Defendant R. Currin be taken off the caption as a Defendant since a Suggestion of Death was filed on November 2, 2009, by his counsel which was not responded to or contested by Plaintiff. Plaintiff's Motion for Reconsideration asserts that

he did respond to and address the Suggestion of Death at the Final Pretrial Conference before Magistrate Judge Watanabe on December 8, 2009.

I find that Plaintiff's Motion for Reconsideration should be granted. Plaintiff states that defense counsel Mark Pestal was advised at that hearing to find out who Defendant Currin's executor was and provide this information to the Court before March 15, 2010. It does not appear that this information was provided. I find that this information should now be provided, that R. Currin should be reinstated as a Defendant in this case, and that Plaintiff should be allowed an opportunity, if appropriate, to substitute the executor for R. Currin as a Defendant in this case. Accordingly, defense counsel Mark Pestal is directed to ascertain and file with the Court the name and address of the executor of R. Currin's estate by no later than Thursday, July 15, 2010. That portion of my March 10, 2010, Order which directed that R. Currin be taken off the caption is vacated, and R. Currin is reinstated as a Defendant.

In conclusion, it is

ORDERED that the "Recommendation on Defendant Crawford's Motion for Summary Judgment (Docket No. 205), Plaintiff's Declaration for Entry of Default (Docket No. 210), and Plaintiff's Motion for Default Judgment Against Defendant Crawford (Docket No. 214)" filed March 12, 2010, is **AFFIRMED and ADOPTED**. In accordance therewith, it is

ORDERED that Defendant Crawford's Motion for Summary Judgment (doc. # 205), Plaintiff's Declaration for Default (doc. # 210) and Plaintiff's Motion for Default Judgment Against Defendant Crawford (doc. # 214) are **DENIED**. It is

FURTHER ORDERED that Defendant Crawford's Objections to March 12, 2010 Recommendation on Motion for Summary Judgment (doc. # 234) are **OVERRULED**. It is

FURTHER ORDERED that Plaintiff's Motion for Reconsideration (doc. # 232) is **GRANTED**. That portion of my March 10, 2010, Order which directed that R. Currin be taken off the caption is vacated, and R. Currin shall be reinstated as a Defendant. Finally, it is

ORDERED that on or before **Thursday, July 15, 2010,** defense counsel shall file with the Court the name and address of the executor of R. Currin's estate so that s/he can, if appropriate, by substituted for R. Currin.

Dated: July 6, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge