IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02303-WYD-MJW

RALPH MERCADO,

Plaintiff,

v.

JO WADAS,
H. TRAPP,
RALPH SMITH,
TIFFANY CRAWFORD, and
LLOYD HARVEY,

Defendants.

---

**RECOMMENDATION ON**
**(1) PRO SE INCARCERATED PLAINTIFF'S MOTION FOR ORDER TO LEARN THE PENALTIES TO WITHDRAW SETTLEMENT BY PLAINTIFF [SIC]**
**(DOCKET NO. 271)**
**AND**
**(2) PRO SE INCARCERATED PLAINTIFF'S MOTION FOR ORDER FOR THE SETTLEMENT AGREED UPON ON AUGUST 18, 2010, CAN NOT LEGALLY BE APPROVE NOR FINALIZE BY THE THIS COURT ON SEPTEMBER 3RD, 2010 [SIC]**
**(DOCKET NO. 273)**

---

**Entered by U.S. Magistrate Judge Watanabe**

This matter is before the court on (1) the Pro Se Incarcerated Plaintiff's Motion for Order to Learn the Penalties to Withdraw Settlement by Plaintiff [sic] (docket no. 271) and (2) the Pro Se Incarcerated Plaintiff's Motion for Order for the Settlement Agreed Upon on August 18, 2010, Can Not Legally be Approve Nor Finalize by the this Court on September 3rd, 2010 [sic] (docket no. 273). The court has reviewed both of the above motions (docket nos. 271 and 273) and the responses (docket nos. 276 and

277). In addition, the court has taken judicial notice of the court's file under Fed. R. Evid. 201, and has considered applicable Federal Rules of Civil Procedure and case law. Furthermore, the court has listened to the digital recording and has also read the transcript of the proceedings (Settlement Conference Record) held before myself on August 18, 2010. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

**FINDING OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;
2. That venue is proper in the state and District of Colorado;
3. That each party has been given a fair and adequate opportunity to be heard;
4. That on August 18, 2010, Magistrate Judge Watanabe conducted a settlement conference. The Pro Se Incarcerated Plaintiff Mercado was allowed to participate by telephone during this settlement conference since he was incarcerated in ADX USP Florence. During this settlement conference, Magistrate Judge Watanabe was communicating in private with Mr. Mercado by telephone. Magistrate Judge Watanabe was in his chambers during such communications, and Mr. Mercado was in USP ADX Florence on the telephone. Defendants' counsel, Mark Pestal, was in Magistrate Judge Watanabe's jury room, which is out of sight and

sound from Magistrate Judge Watanabe's chambers. After much discussion over the terms and conditions of the settlement, the parties finally agreed to settle this case, and the settlement agreement and all terms and conditions of the settlement were placed on the record. See record of court proceeding on August 18, 2010 and also see Exhibit A-1 attached to Response (docket no. 276);

5. That Magistrate Judge Watanabe placed all of the terms and conditions of the settlement on the record and **both** the Pro Se Incarcerated Plaintiff Mercado and Defendants' counsel, Mark Pestal, confirmed their understanding of the full and complete settlement of this case.

In particular, on page 6 lines 10 through 25, inclusive, and on page 27 lines 1 through 3, inclusive, of the transcript of the proceedings on August 18, 2010, state:

Court: Now, I believe that's the full and complete settlement in this case. Mr. Mercado, did you get a chance, sir, to listen to the Court as I've outlined each of the terms and conditions of your settlement?

Mercado: Yes, sir.

Court: Is that your understanding of your full and complete settlement in this case?

Mercado: Yes, sir.

Court: Are there any other additions or corrections?

Mercado: No, sir.

Court: And I believe we've gone over that in the settlement conference context with you before we went on the record, is that correct?

Mercado: Yes, sir.

Court: And are you asking the Court, sir, to approve the settlement as stated on the record this afternoon?

Mercado: Yes, sir.

See record of court proceedings on August 18, 2010, for all of the terms and conditions of this settlement.

After confirmation of the terms and conditions of the settlement, Magistrate Judge Watanabe approved the settlement on the record and ordered Mr. Pestal to prepare the settlement documents;

6. That in both of the subject motions above (docket nos. 271 and 273), the Pro Se Incarcerated Plaintiff is **seeking to set aside the settlement agreement claiming that:**

a. "The Magistrate Judge Should have never been allowed to negotiate the terms of the settlement on behalf of the plaintiff's best interest because legally standing he could not

negotiate in the best interest of the plaintiff and still remain impartial (unbias) to both sides;"

b. "The rules/ procedures was never explained to the plaintiff, nor was the plaintiff able to locate the rules/procedures during settlement negotiations/agreement- other than the Magistrate talking to defendants and plaintiff;"

c. "The settlement reached took less than an hour and half, plaintiff never had time to fully understand what happened until later that night. Plaintiff further thought he had until September 3, 2010, to withdraw or disagree with the terms;"

d. "The settlement is not in the best interest of the plaintiff because he is still left in the dangerous conditions that he raised in his law suite [sic];"

e. "The settlement hearing on August 18, 2010 was the plaintiff's very first one. He had no idea what was occurring unlike the Magistrate Judge and Defendants Attorney, Plaintiff is not a professional negotiator;"

f. "This court can not finalize the settlement on September 3rd 2010 the only ones this settlement benefits the courts docket and the Defendants - not the victim the Plaintiff-."

**See docket no. 273 for paragraphs 6 a through f above.;**

7. That the Pro Se Incarcerated Plaintiff is **also seeking to set aside**

**the settlement agreement claiming that:**

a. "Plaintiff is still confined with the same environment, circumstances, and conditions that seriously poses a threat to his life doe to the procedures in medical emergencies;"

b. "Plaintiff is having a hard time accepting the fact that he will remain in a threatening environment to his asthma condition;**"**

c. "Plaintiff don't fully understand the meaning of future release of damages, does that mean I relinquish all liabilities that may arrise as to the injuries/damage from the failure of staff to respond to my medical crisis on March 16, 2004 and April 17, 2006 thus resulting in this current litigation. This only applies to this incidents raise in this civil action;**"**

d. "I will be able to retain my right to litigate/bring a civil action for any other future failure of B.O.P. staff failure to act upon an emergency medical condition that might result in another asthma attack where injuries/damages may occur. That will most likely involve the same injuries/damages raised in the current litigation;"

e. "$6,000 $2000 of which is cost and out of pocket fees- $4,000 is left so I suffered too different asthma attacks for $2,000 each with future medical complications- Plaintiff is

having a hard time accepting all this - the settlement was not in my best interest;"

f. "Plaintiff respectfully ask this court to prove him with the penalties if any would arrise if he choice to withdraw his settlement, plaintiff has not signed any legal or otherwise documents on the settlement. Thank you."

**See docket no. 271 for paragraphs 7 a through f above.;**

8. That Magistrate Judge Watanabe served as the settlement conference judge during the settlement conference on August 18, 2010;

9. That during the settlement conference, there were offers to settle and counter offers to settle that were exchanged between the parties, and Magistrate Judge Watanabe was the person who delivered each of the party's offers and counter offers to the opposing party. There were many terms and conditions of this settlement that were discussed, and offers and counter offers were exchanged by each party as to each of these terms and conditions of the settlement. At no time did Magistrate Judge Watanabe serve as either counsel for either party or "negotiator" for either party but instead served as the settlement conference judge;

10. That both the Pro Se Incarcerated Plaintiff Mercado and Defendants entered into this settlement agreement freely, voluntarily, knowingly, and intelligently and **without** fraud, duress,

undue influence, or misunderstanding of the terms and conditions of this settlement as suggested by the Pro Se Incarcerated Plaintiff Mercado;

11. That a settlement agreement is a contract to end judicial proceedings. DiFrancesco v. Particle Interconnect Corp., 39 P.3d 1243, 1247 (Colo. App. 2001). “Issues involving the formation and construction of a purported settlement agreement are resolved by applying state contract law.” Shoels v. Klebold, 375 F.3d 1054, 1060 (10th Cir. 2004). “[A]bsent fraud, duress, undue influence or mistake,” neither party is permitted to repudiate a settlement agreement.” Agrawal v. Board of Regents of the Univ. of Okla., 336 F. App’x 765 (10th Cir. June 10, 2009) (internal quotation and citation omitted). “A writing is not necessary to create a binding settlement agreement.” Brackens v. Sedgwick Claims Management Servs., Inc., 2008 WL 906121, at *2 (D. Colo. Apr. 1, 2008) (citing Bell v. Nugent, 955 P.2d 584, 589 (Colo. App. 1997);

12. “A trial court has the power to summarily enforce a settlement agreement entered by the litigants while the litigation is pending before it.” United States v. Hardage, 982 F.2d 1491, 1496 (10th Cir. 1993). See Sumerel v. Goodyear Tire & Rubber Co., 232 P.3d 128, 133 (Colo. App. 2009) (“A court may enforce a settlement agreement if it constitutes an enforceable contract.”); and

13. That the Pro Se Incarcerated Plaintiff Mercado and Defendants

agreed to all of the material terms and conditions of this settlement agreement, consideration was exchanged, and a settlement contract was formed on August 18, 2010. The specific terms and conditions of the settlement agreement were placed upon the record by Magistrate Judge Watanabe to insure that both parties fully understood all terms and conditions of this settlement. The Pro Se Incarcerated Plaintiff Mercado and the Defendants both entered into this settlement agreement (contract) freely, voluntarily, knowingly, and intelligently and without fraud, duress, undue influence, or any misunderstanding of the material terms and conditions of the settlement. Valid consideration was given and received in the settlement. See transcript of the proceedings of August 18, 2010, Exhibit A-1 attached to Response (docket no. 276).

**RECOMMENDATION**

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **RECOMMENDS**:

1. That the Pro Se Incarcerated Plaintiff's Motion for Order to Learn the Penalties to Withdraw Settlement by Plaintiff [sic](docket no. 271) be **DENIED**;

2. That the Pro Se Incarcerated Plaintiff's Motion for Order for the Settlement Agreed Upon on August 18, 2010, Can Not Legally be

Approve Nor Finalize by the this Court on September 3rd, 2010 [sic](docket no. 273) be **DENIED**;

3. That the settlement agreement that was placed upon the record on August 18, 2010, be made an order of the court by Chief Judge Daniel;

4. That Chief Judge Daniel direct Magistrate Judge Watanabe to select the Pulmonologist to examine the Pro Se Incarcerated Plaintiff Mercado consistent with the settlement agreement;

5. That Chief Judge Daniel direct the Pro Se Incarcerated Plaintiff and Defendants to perform consistent with the terms and conditions of the settlement agreement; and

6. That each party pay their own attorney fees and costs for both of these subject motions (docket nos. 271 and 273).

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.**

**Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Done this 17th day of September 2010.

BY THE COURT

Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE