UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 06-cv-02303-WYD-MJW

RALPH MERCADO,

      Plaintiff,

v.

JO WADAS,
H. TRAPP,
RALPH SMITH,
TIFFANY CRAWFORD,
LLOYD HARVEY,

      Defendants.

---

**ORDER ADOPTING AND AFFIRMING
MAGISTRATE JUDGE'S RECOMMENDATION**

---

I.    INTRODUCTION AND BACKGROUND

THIS MATTER is before the Court in connection with a purported settlement of the

case which was placed on the record by Magistrate Judge Watanabe on August 18, 2010.

(*See* Aug. 18, 2010 Courtroom Minutes/Minute Order, ECF No. 267).  Dismissal papers

were to be submitted before September 3, 2010.  (*Id.*)  In light of that settlement, by Minute

Order of August 19, 2010 I vacated the jury trial which was set to commence on September

7, 2010.  (ECF No. 268.)

On August 27, 2010, Plaintiff filed a motion styled, "Motion to Learn the Penalties

to Withdraw Settlement."  (ECF No. 271).  On September 1, 2010, Plaintiff filed a motion

asking the Court not to approve or finalize the settlement, which essentially asked that the

settlement agreement entered into the record not be enforced.  (ECF No. 273).  These

motions were  referred to Magistrate Judge Watanabe.  After responses were filed to the

motions, Magistrate Judge Watanabe filed a Recommendation to the motions on September 17, 2010. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

The Recommendation found that "both Pro Se Incarcerated Plaintiff Mercado and Defendants entered into the settlement agreement freely, voluntarily, knowingly, and intelligently and **without** fraud, duress, undue influence, or misunderstanding of the terms and conditions of this settlement as suggested by the Pro Se Incarcerated Plaintiff Mercado. (September 17, 2010 Recommendation ["Rec."] at 7-8, emphasis in original.) It also found that a settlement agreement is a contract to end judicial proceedings, that a trial court has the power to summarily enforce a settlement agreement entered into while the litigation is pending, and that the parties "agreed to all of the material terms and conditions of this settlement agreement, consideration was exchanged, and a settlement contract was formed on August 18, 2010." (*Id.* at 9.) Also, the Recommendation stated that the terms and conditions were placed on the record and there was not any misunderstanding by the parties related to same. (*Id.*) Accordingly, Magistrate Judge Watanabe recommends that Plaintiff's motions be denied and that the settlement agreement that was placed upon the record on August 18, 2010, be made an order of the Court. (*Id.* at 9-10.)

On September 28, 2010, Plaintiff filed objections to the Magistrate Judge's Recommendation. (ECF No. 279). Also on September 28, Plaintiff filed a document styled, "Motion to Obtain the Communications Between Plaintiff and Magistrate Judge Within His Chambers on April 18, 2010." (ECF No. 280). This motion was denied by

Magistrate Judge Watanabe by Minute Order of September 29, 2010.  (ECF No. 282.)

Plaintiff then filed objections to that ruling on October 8, 2010.  (ECF No. 284.)

On October 12, 2010, counsel entered an appearance on behalf of Plaintiff.  (ECF

No. 285.)  Counsel then filed a Motion for Order to Adopt Plaintiff's Settlement Release

Language on November 2, 2010.  (ECF No. 286.)  After Defendants filed a response,

Magistrate Judge Watanabe issued a Minute Order on November 8, 2010, denying that

motion.  He found therein that the settlement agreement entered on August 18, 2010 is a

valid agreement and that there is no basis in law or fact to change and/or modify the terms

of the settlement agreement.

II.   ANALYSIS

I now turn to the pending Objections filed by Plaintiff.  Since timely objections were

filed, I must review the Recommendation of September 18, 2010, and the Minute Order of

September 29, 2010, to determine whether they are "clearly erroneous or contrary to law"

since the nature of the matters is nondispositive.  Fed. R. Civ. P. 72(a).  The clearly

erroneous standard requires that I affirm the magistrate judge's order unless "'on the entire

evidence" I am left with the definite and firm conviction that a mistake has been

committed.'"  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).

(quotation omitted).  Even if a *de novo* standard were applicable to the Recommendation,

however, I note that I would reach the same result.

I first address the objections to the Recommendation.  Plaintiff asserts many of the

same arguments made in his underlying motions as to why the Recommendation should

be rejected.  In that regard he argues that Magistrate Judge Watanabe acted as a facilitator

and negotiator in regard to the settlement that was reached and that the terms that were

negotiated leave Plaintiff a victim as he is in the same environment and conditions that pose a serious threat to his health.  However, as Magistrate Judge Watanabe notes in the Recommendation, he was not acting as a negotiator; instead, he was acting only as the settlement conference judge who delivered each of the parties offers and counter offers to the opposing party.  Accordingly, I reject that argument.

Plaintiff also asserts that he is being denied medical treatment on his serious life threatening condition and that the magistrate judge improperly used medical treatment as a settlement tool.  The denial of medical treatment, while regrettable, appears to be a result of Plaintiff's decision to contest the settlement agreement through which treatment was to be provided.  Since I am now enforcing the agreement, Plaintiff should promptly receive medical treatment.  As to the argument that medical treatment was improperly used as a tool of settlement, this argument is without merit as Plaintiff was clearly asking for medical treatment in the case as a part of the settlement.  Accordingly, such treatment appears to have been an appropriate term to have been included in the settlement agreement.

It is further asserted in the Objection that Plaintiff was not able to the obtain the rules and/or procedures and that he believed he could withdraw his verbal agreement on or before September 3, 2010.  He based this on a similar situation in criminal court where he was allowed to withdraw his guilty plea before sentencing.  Further, he argues that the Court did not appoint an attorney for him despite his request for one, and that he was placed into an intimidating situation in connection with the settlement.  These arguments are also rejected.  Magistrate Judge Watanabe addressed these or similar arguments in the Recommendation, finding that the settlement agreement was entered into voluntarily, knowingly, and intelligently, and without any fraud, duress, undue influence, or

misunderstanding of the terms and conditions of the settlement. (Recommendation at 7-8.) Plaintiff's arguments in the Objection do not specifically address this finding or advance any plausible reason why Magistrate Judge Watanabe's findings are clearly erroneous or contrary to law.

Indeed ,as properly noted in the Recommendation, "absent fraud, duress, undue influence or mistake, neither party is permitted to repudiate a settlement agreement." (Recommendation at 8, quoting *Agrawal v. Board of Regents of the Univ. of Okla.*, 336 Fed. Appx 765 (10th Cir. 2009). Further, a writing is not necessary to create a binding settlement agreement. (*Id.*) "[A] trial court has the power to summarily enforce a settlement agreement entered by the litigants while the litigation is pending before it." (*Id.*, quoting *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993). Plaintiff has not challenged these legal tenants. Further, I have reviewed the transcript of the proceeding (ECF No. 276-1) and find no evidence of fraud, duress, undue influence or mistake. There is nothing in the record to support Plaintiff's arguments that he misunderstood the finality of the settlement agreement or that the settlement agreement is somehow invalid. Accordingly, I find that the settlement agreement reached by the parties and placed on the record is clearly enforceable as a contract.

Plaintiff argues, however, that the Defendants' proposed settlement agreement contains terms beyond those discussed by the parties as it requires Plaintiff to release more than just the claims in this case. According to the transcript, the parties agreed to a written release releasing all claims brought or which could have been brought in this lawsuit. (Hr'g Tr. 5:9-12, Aug. 18, 2010, ECF No. 276-1.) This agreement does not apply to new claims that Plaintiff may have after entry of the settlement agreement, and Plaintiff

agreed to this language.  Accordingly, I reject Plaintiff's argument to the extent it applies to this agreement.  As to any written document, the government was ordered to prepare the release documents.  (*Id.*)  No written release documents were or have been provided to the Court; thus, there is no written document from which I can verify Plaintiff's claim. Accordingly, I overrule the objections.  I note, however, that Magistrate Judge Watanabe ruled as a part of the settlement that the written settlement documents would be filed with the Court.  Once filed, if they do not reflect the parties' agreement Plaintiff can raise this issue again through a new motion.

Finally, Plaintiff asserts that Defendants have already violated the verbal terms of the agreement as they did not provide names of pulmonologists to the Court.  I overrule this objection as well.  Defendants state in their Response to Motion to Adopt Plaintiff's Proposed Settlement Release Language that these names were provided both to Plaintiff and to the magistrate judge.  (Resp. at 3, ECF No. 288.)  Indeed, Magistrate Judge Watanabe's Recommendation asks that I direct him to select a pulmonologist to examine Plaintiff consistent with the settlement agreement.  (Recommendation at 10.)

I now turn to Plaintiff's Objection to Magistrate Judge Watanabe's Minute Order of September 29, 2010.  In that Minute Order, the Magistrate Judge denied Plaintiff's "Motion to Obtain the Communications Between Plaintiff and Magistrate Judge Within His Chambers on April 18, 2010."  Plaintiff asserts in his Objection that such communications exist per the Magistrate Judge's secretary.  I overrule this Objection.

First, Magistrate Judge Watanabe clearly stated that no such communications exist. Second, even if such communications existed, Plaintiff has not shown that the communications would in any way impact the validity of the settlement agreement that was

placed on the record.  If the agreement placed on the record did not accurately reflect communications between Plaintiff and Judge Watanabe, Plaintiff should have raised an objection at that time.  Plaintiff did not do so and, in fact, agreed on the record that the settlement agreement was accurate and should be enforced.  Further, he has not shown through his motion or objection that the settlement agreement was invalid or inaccurate in any respect.  Accordingly, I reject Plaintiff's argument and agree that Plaintiff's motion for communications between Plaintiff and the Magistrate Judge Watanabe should be denied. The Minute Order of September 29, 2010, is therefore affirmed.

III.   <u>CONCLUSION</u>

Based upon the foregoing, it is

ORDERED that the "Recommendation on (1) Pro Se Incarcerated Plaintiff's Motion for Order to Learn the Penalties to Withdraw Settlement by Plaintiff [sic] (Docket No. 271) and (2) Pro Se Incarcerated Plaintiff's Motion for Order for the Settlement Agreed Upon on August 18, 2010, Can Not Legally be Approve Nor Finalize by the this Court on September 3rd, 2010 [sic] (Docket No. 273)" (ECF No. 278 filed September 17, 2010) is **AFFIRMED AND ADOPTED** in its entirety.  In accordance therewith, it is

ORDERED that Plaintiff's "Motion to Learn the Penalties to Withdraw Settlement" (ECF No. 271) and (2) Plaintiff's motion asking that the settlement agreed upon on August 18, 2010, not be legally approved or finalized by the Court (ECF No. 273) are **DENIED**.  It is

FURTHER ORDERED that the settlement agreement that was placed upon the record on August 18, 2010, is made an Order of the court.  In accordance therewith, it is

ORDERED that Magistrate Judge Watanabe shall promptly select a Pulmonologist to examine the Pro Se Incarcerated Plaintiff Mercado consistent with the settlement agreement.  It is

FURTHER ORDERED that the Pro Se Incarcerated Plaintiff and Defendants shall perform consistent with the terms and conditions of the settlement agreement.  It is

FURTHER ORDERED that each party shall bear their own attorney fees and costs for the motions at issue in this Order (ECF Nos. 271 and 273).  It is

FURTHER ORDERED that the Minute Order of October 8, 2010 (ECF No. 282) is **AFFIRMED AND ADOPTED**, and the Objections to that Minute Order (ECF No. 284) are **OVERRULED**.  Finally, it is

ORDERED that a stipulation for dismissal of the case shall be filed by **Friday, November 19, 2010**.

Dated:  November 10, 2010

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge